■ In the Matter of the Arbitration between KARL M. PARRISH, Appellant-Respondent, and PARRISH LEASING COMPANY, L.P., Respondent-Respondent. THOMAS G. PALMER, Respondent-Appellant. [668 NYS2d 182] —Judgment, Supreme Court, New York County (William Davis, J.), entered May 29, 1997, which, in a proceeding to stay arbitration demanded by respondent, granted the petition insofar as brought on behalf of petitioner limited partnership and denied it insofar as brought on behalf of the individual petitioner, unanimously modified, on the law and the facts, to deny the petition as to the limited partnership and to direct it to proceed to arbitration as well, and otherwise affirmed, with costs payable to respondent Thomas G. Palmer.

The record, including, in particular, the individual petitioner's admissions, shows that the signatory to the subject employment agreement containing the arbitration clause, a corporation not joined as a party to this proceeding, and petitioner limited partnership, at least in relation to respondent's claims, are alter egos, with interlocking structures and almost indistinguishable operations. The corporation also has no independent financial statements. The individual petitioner admits that the corporation, as general partner of petitioner limited partnership, ran the second, unjoined limited partnership in which outside capital was invested and petitioner limited partnership was a 50% limited partner, and that during the relevant periods of time, the corporation had no income apart from that generated by the unjoined limited partnership and funneled to it through petitioner limited partnership. Moreover, all of the corporation's expenses, including the employee salaries and benefits that respondent seeks to recover, were funded by or charged to petitioner limited partnership and paid for with the unjoined limited partnership's funds. Under the circumstances, there is no basis for maintaining a separate legal distinction between the signatory corporation and petitioner limited partnership, and the latter should be compelled to proceed to arbitration as the former's alter ego (*Harper v Delaware Val. Broadcasters*, 743 F Supp 1076, 1085, affd 932 F2d 959; *Fisser v International Bank*, 282 F2d 231).

So too should the individual petitioner, who dominated the corporation. Concur—Milonas, J. P., Rosenberger, Wallach, Williams and Mazzarelli, JJ.